IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| WILLIAM DARRYN BUSBY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:20-cv-00077 |
| GINETTE TOWNSEND, et al., | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE HOLMES |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is the Motion to Dismiss filed by Defendants Ginette Townsend ("Ms. Townsend") and Collin Wayne Townsend ("Collin") (collectively "the Townsends"). (Doc. No. 39). Plaintiff William Darryn Busby ("Mr. Busby") filed a response in opposition (Doc. No. 42), and the Townsends filed a reply (Doc. No. 43). For the reasons discussed below, the Townsends' motion will be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Collin Townsend is Ms. Townsend's son. (Doc. No. 38 ¶ 3). The events giving rise to this matter began in 2002, when Collin Townsend was nine years old. (*Id.*). In 2002, Ms. Townsend and Mr. Busby were dating and living together until their breakup in July 2002. (*Id.* ¶ 4). Shortly after the breakup, Ms. Townsend and Collin conspired together to tell lies that Mr. Busby had sexually molested Collin. (*Id.* ¶ 6). To procure Mr. Busby's arrest, Ms. Townsend informed the local District Attorney's Office and other law enforcement officials that Mr. Busby had raped Collin. (*Id.* ¶¶ 7-8). Ms. Townsend also falsely told police that Mr. Busby had confessed to her. (*Id.* ¶¶ 9-10). As a result of Ms. Townsend's and Collin's false accusation, Mr. Busby was arrested and charged with multiple counts of rape of a child. (*Id.* ¶¶ 13-14).

The local criminal prosecutor at the time, Jeff Long ("Prosecutor Long"), felt beholden to Ms. Townsend's family because Ms. Townsend's father was a local general sessions judge. (*Id.* ¶¶ 12, 17, 23-24). Prosecutor Long agreed to help Ms. Townsend and Collin convict Mr. Busby. (*Id.* ¶ 28). Prosecutor Long and Ms. Townsend worked together to coach Collin on how to present his allegations. (*Id.* ¶¶ 29, 32-33). At trial, Collin falsely denied having rehearsed his testimony. (*Id.* ¶ 34). Prosecutor Long left Collin's false testimony uncorrected to help ensure that Mr. Busby was convicted and appease the Townsends. (*Id.* ¶ 35). On August 7, 2003, Mr. Busby was found guilty of four counts of rape of a child. (*Id.* ¶ 41).

On January 22, 2019, Mr. Busby's convictions were overturned due to newly discovered evidence. (*Id.* ¶ 42). On November 21, 2019, the State of Tennessee voluntary dismissed the criminal prosecution against Mr. Busby. (*Id.* ¶ 44). Mr. Busby filed the present lawsuit against Ms. Townsend and Collin on November 23, 2020. (Doc. No. 1). He brings claims against them for malicious prosecution under 42 U.S.C. § 1983 ("Section 1983") (Count I) and Tennessee common law (Count II). (Doc. No. 38). Through their pending motion, Ms. Townsend and Collin seek to dismiss Mr. Busby's claims for failure to state a claim. (*See* Doc. No. 39).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the

Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III.    ANALYSIS

**I.    Section 1983 – Count I**

To state a claim under Section 1983, a plaintiff must allege two things: (1) that they suffered a "deprivation" of a constitutional right; and (2) that the defendant acted "under color of" state law when inflicting this injury. *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512 (6th Cir. 2020). Through their pending motion to dismiss, Ms. Townsend and Collin argue that the Complaint fails to allege facts satisfying the second element, that they acted under color of state law. (Doc. No. 40 at 5-10).

The requirement in a Section 1983 action that the defendant act "under color of" state law typically excludes private parties such as Ms. Townsend and Collin from the statute's reach. *See Rudd*, 977 F.3d at 512. However, private parties who conspire with public actors to violate constitutional rights act "under color of law" for purposes of Section 1983 liability. *See id*. (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). Accordingly, "claims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss." *Id*. (quoting *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007)). To adequately allege a conspiracy, a complaint must allege facts showing that "'a single plan' existed, that each 'alleged coconspirator shared in the general conspiratorial objective,' and that

3

'an overt act was committed in furtherance of the conspiracy[.]'" *Id*. at 517 (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)).

Ms. Townsend and Collin argue that the Amended Complaint fails to include specific factual allegations that would indicate, among other things, that Prosecutor Long shared a general conspiratorial objective with them to convict an innocent man. (*See* Doc. No. 40 at 8). Additionally, Ms. Townsend and Collin contend that Mr. Busby has not alleged facts to support the allegations that Prosecutor Long (i) had a "fairly good idea" that Mr. Busby was innocent, (ii) knew the Townsends' allegations against Mr. Busby were "doubtful," and/or (iii) "knowingly" prosecuted Mr. Busby over false charges. (*See id*. at 10).

In his response, Mr. Busby points to the following factual allegations about Prosecutor Long: (1) that he could not gain Ms. Townsend's approval to dismiss the charges; (2) that he prosecuted Mr. Busby despite Collin being the grandson of the local general sessions judge; (3) that he shared Mr. Busby's alibi records with the Townsends; (4) that he and Ms. Townsend coached Collin to tell the jury that the chronology of the alleged sexual abuse did not matter; and (5) that he left Collin's allegedly false testimony about having rehearsed his testimony uncorrected. (Doc. No. 42 at 5 (citing Doc. No. 38 ¶¶ 22-26, 30-35)). Mr. Busby fails to articulate any argument as to why the foregoing allegations show Prosecutor Long shared in an objective to convict Mr. Busby despite his innocence. (*See id*.). Further, Mr. Busby does not respond to the Townsends' argument that the Amended Complaint fails to plausibly allege that Prosecutor Long had knowledge of Mr. Busby's innocence. (*See id*. at 6).

While the Court is required to view the facts and draw inferences in Mr. Busby's favor, it cannot draw inferences from facts that are not alleged. Here, the Amended Complaint does not allege facts showing that Prosecutor Long shared in a conspiratorial objective with Ms. Townsend

4

and Collin to convict an innocent man or that Prosecutor Long even had knowledge of Mr. Busby's innocence. As such, the factual allegations in the Amended Complaint are insufficient to state a conspiracy between Ms. Townsend and Collin and Prosecutor Long that would make the Townsends state actors for purposes of Section 1983. *See Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 512, 517 (6th Cir. 2020). Accordingly, this portion of the Townsends' motion to dismiss will be granted.

## IV. CONCLUSION

For the foregoing reasons, the Townsends' motion to dismiss will be **GRANTED** as to Count I. There being no remaining claims arising under federal law, the Court declines to exercise supplemental jurisdiction over Mr. Busby's state law claim (Count II).

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE